No. ____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE RICHARD TIPTON, III,
Movant.

CAPITAL CASE

APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO
*JOHNSON v. UNITED STATES*

Respectfully submitted,

Stephen Northup,                               Gerald W. King, Jr.*
VSB #16547                                     Ga. Bar No. 140981
Troutman Sanders LLP                           Jeffrey Lyn Ertel*
P.O. Box 1122                                  Ga. Bar No. 249966
Richmond, Virginia 23218-1122                  FEDERAL DEFENDER PROGRAM, INC.
(804) 697-1240                                 101 Marietta Street, Suite 1500
(fax) (804) 698-5120                           Atlanta, Georgia 30303
steve.northup@troutmansanders.com              404-688-7530
                                               (fax) 404-688-0768
Frederick R. Gerson                            Gerald_King@fd.org
VSB #39968                                     Jeff_Ertel@fd.org
FG LAW PLLC                                    * Pro hac vice motion to be filed
536 Granite Avenue
Richmond, Virginia 23226
(804)482-1121
fred@fgattorney.com


Counsel for Richard Tipton, III

Movant Richard Tipton, III, by and through his undersigned counsel, respectfully asks this Court, pursuant to 28 U.S.C. § 2244(b)(3), to authorize him to file the attached successive motion under 28 U.S.C. § 2255(h)(2). Mr. Tipton makes this request so that he may immediately assert a challenge to his convictions for using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c).

Specifically, Mr. Tipton seeks to challenge his § 924(c) convictions and the sentences imposed for these convictions under *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257 (2016). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. From *Johnson,* it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, also is unconstitutionally vague. Thus, after *Johnson,* Mr. Tipton's § 924(c) convictions cannot be sustained.

In *Welch,* the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review such as Mr. Tipton's. *Welch,* 136 S. Ct. at 1265. Further, Mr. Tipton has filed this application and the attached § 2255 motion within one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015. Moreover, this Court has authorized at least five similar successive motions under 28 U.S.C. § 2255(h)(2) in cases concerning § 924(c) motions.

2

As explained below, Mr. Tipton can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On February 3, 1993, Mr. Tipton was convicted of, *inter alia*, two counts of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts 20 and 26).  Mr. Tipton's Section 924(c) convictions incorporated the following counts as the crimes of violence: conspiracy, as charged in Count 1 of his second superseding indictment (attached as Exhibit 1 to Mr. Tipton's proposed § 2255 motion); killing in furtherance of a CCE as charged in Counts 17, 18, 19, 24 and 25; murder to maintain or increase position in a racketeering enterprise in Counts 21, 22, 23, 27 and 28; and maiming to maintain or increase position in a racketeering enterprise in Counts 29 and 30.  In accord with the jury's recommendation, the Court sentenced Mr. Tipton to death for three murders in furtherance of a CCE (Counts 3, 24 and 25), to life for three murders in furtherance of a CCE for which the prosecution had sought the death penalty, and to terms of years.

Post-*Johnson,* however, when assessing Mr. Tipton's predicate offenses according to the most innocent conduct that fulfills their elements -- the approach dictated by *Taylor v. United States*, 495 U.S. 575, 600 (1990) and *United States v.*

*Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) -- none qualifies categorically as a "crime of violence." This is explained in much greater detail in Part I of Mr. Tipton's proposed successive § 2255 motion, attached to this application. Because predicate offenses do not qualify as "crime[s] of violence" within the constitutionally valid construction of § 924(c), Mr. Tipton is innocent of the § 924(c) offenses and his convictions and their associated sentences are void. As explained in Part III of his proposed successive § 2255 motion, his death sentences are also void, and he must be resentenced by a jury.

As explained in detail in Part IA of Mr. Tipton's proposed § 2255 motion, the relevant portion of § 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. It applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The second, § 924(c)(3)(B), is commonly referred to as the residual clause. It applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

This second definition, the residual clause, is indistinguishable in all material respects from the residual clause of the ACCA that the Supreme Court in *Johnson* deemed unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2557. Courts

4

have already invalidated a residual clause identical to that in § 924(c). The residual clause of 18 U.S.C § 16(b) is the mirror image of that of § 924(c), and the Fifth, Seventh and Ninth Circuits have all struck it down following *Johnson. See United States v. Gonzalez-Longoria,* 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja,* 808 F.3d 719 (7th Cir. 2015); *Dimayo v. Lynch,* 803 F.3d 1110 (9th Cir. 2015).

Still further, at least two district courts have considered § 924(c)'s residual clause itself and have found it void for vagueness in light of *Johnson. See United States v. Lattanaphom,* __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson,* __ F. Supp. 3d __, 2015 WL 9311983 (D. Md. 2015). These cases compel the same result in Mr. Tipton's case. Because § 924(c)'s residual clause is void for vagueness, it cannot constitutionally define a "crime of violence" for purposes of a § 924(c) conviction.

Furthermore, as explained in detail in Part IIB of Mr. Tipton's successive § 2255 motion, the predicate offenses for which he was convicted do not categorically qualify as "crimes of violence" under the remaining force or elements clause. They do not because: 1) they do not have as a required element the use, attempted use, or threatened use of violent physical force; and 2) they can be accomplished without the defendant's intentional use, attempted use, or threatened use of the same.  As explained in more detail in Part IB of Mr. Tipton's successive

§ 2255 motion, because the predicate offenses for which he was found guilty do not require that Mr. Tipton engaged in intentional "violent force", Mr. Tipton's convictions under § 924(c) cannot stand.

Because § 924(c)'s residual clause is unconstitutional and the predicate crimes he was convicted of do not satisfy the force clause of § 924(c), Mr. Tipton's § 924(c) convictions and his sentences for those crimes (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction. However, because Mr. Tipton previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, he may not pursue relief based upon his *Johnson* claim in the district court without this Court's authorization.

Accordingly, Mr. Tipton urges this Court to authorize him to file the attached successive § 2255 motion asserting a *Johnson* claim. Such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As noted above, this Court has granted five such motions since May 13, 2016. *In re Rico Bias*, No. 16-619 (4th Cir. May 19, 2016); *In re Jones*, No. 16-583 (4th Cir. May 19, 2016); *In re Purvis*, No. 16-587 (4th Cir. May 18, 2016); *In re Rice*, No. 16-591 (4th Cir. May 18, 2016); *In re Smith*, No. 16-388

6

(4ᵗʰ Cir. May 13, 2016).

After *Welch,* issued on April 18, 2016, there can be no dispute that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. Mr. Tipton has made the required *prima facie* showing that he should be authorized to pursue a successive § 2255 motion.

## PROCEDURAL HISTORY

### A.    Conviction and Sentencing.[1]

On February 3, 1993, at the conclusion of the guilt phase of his trial, Mr. Tipton was convicted of the following crimes: conspiracy to possess cocaine base with intent to distribute, 21 U.S.C. § 846 (Count 1); engaging in a "continuing criminal enterprise" ("CCE"), 21 U.S.C. § 848(a) (Count 2); six counts of killings "while engaged in and working in furtherance of" a CCE, 21 U.S.C. § 848(e) (Counts 3, 17, 18, 19, 24, and 25, respectively); for the same killings charged in furtherance of the CCE, six counts of murder "to maintain or increase position in racketeering enterprise", 18 U.S.C. § 1959 (Counts 4, 21, 22, 23, 27, and  28, 29, and 30); two counts of maiming "to maintain or increase position in racketeering enterprise", 18 U.S.C. § 1959 (Counts 29 and 30); two counts of possession of

---

[1]    Undersigned counsel has been unable to locate Mr. Tipton's presentence report and sentencing transcript in time to include with this filing, but will obtain both should this Court deem it necessary.

cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1) (Counts 32 and 33); and most relevant to this motion, two counts of using a firearm in relation to a crime of violence, 21 U.S.C. § 924(c) (Counts 20 and 26).

Specifically, with respect to the two § 924(c) Counts, the Second Superseding Indictment cited *all* the following Counts as the predicate offenses: conspiracy, as charged in Count 1; killings in furtherance of a CCE, as charged in Counts 17, 18, 19, 24 and 25; murders to maintain or increase position in a racketeering enterprise, as charged in Counts 21, 22, 23, 27 and 28; and maiming to maintain or increase position in a racketeering enterprise, as charged in Counts 29 and 30.  During its guilt phase instructions with respect to the § 924(c) offenses, however, the District Court made no reference to the predicate offenses cited in the Second Superseding Indictment.  Rather, the District Court simply read the text of § 924(c)(1) to the jury, Tr. 3222, followed by a nearly verbatim reading of § 924(c)(3)(A), the "force" or "elements" clause, and § 924(c)(3)(B), the residual clause.  Additionally, during the guilt-phase sentencing instructions, the District Court repeatedly directed the jury to refer to Mr. Tipton's verdict form to aid the jury in rendering its verdict on each count of the indictment.   See Tr. 3216 ("The verdict forms which will be provided to you by the Court, and which I will discuss in more detail in a few minutes, will list the specific charges in the indictment which you must consider with respect to each of these defendants"); Tr. 3219

("Again, I emphasize that in your deliberations you must give individual consideration to each defendant with respect to each count charged against that defendant.  The verdict forms, as I mentioned, will assist you in this respect."); Tr. 3221-3222 ("The verdict form will assist you in keeping track of which defendants are charged in which counts and in giving individual consideration to each defendant for each count against him or her").

At the conclusion of the penalty phase, the jury recommended death sentences for three killings in furtherance of a CCE (Counts 3, 24 and 25).  The jury also recommended sentences of life for three murders in furtherance of a CCE for which the prosecution had sought the death penalty.  The District Court sentenced Mr. Tipton in accord with the jury's recommendation and also imposed terms of imprisonment for the non-capital counts of which Tipton was convicted.

## B.     Direct Appeal.

Mr. Tipton timely appealed to this Court, where his appeal was consolidated with that of his co-defendants, James Roane and Cory Johnson.  In the consolidated appeal, Mr. Tipton and his co-defendants raised approximately sixty (60) issues for review, including and not limited to issues relating to the jury selection process, to the trial proper, and to the death penalty hearing and sentencing phases. On July 8, 1996, this Court affirmed Tipton's convictions and

sentences. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996).[2]  The United States Supreme Court denied certiorari on June 2, 1997. *Tipton v. United States*, 520 U.S. 1253 (1997).

**C.     Previous § 2255 Motion.**

Following the denial of certiorari, Mr. Tipton timely filed a motion for collateral relief under 28 U.S.C. § 2255.[3]  His motion asserted: (1) that the prosecution unconstitutionally discriminated against women in the jury selection process; (2) numerous challenges to the CCE convictions, including but limited to, the trial court's jury instructions and related ineffective of counsel claims; (3) numerous claims of prosecutorial misconduct; and (4) that trial counsel was ineffective in numerous respects apart from the CCE.  The District Court denied relief. *Tipton  v. United States*, No. 3:92CR68 (E.D.Va. Nov. 26, 2003).

This Court affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The United States Supreme Court denied certiorari.

**D.     *Johnson v. United States*.**

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551. With *Johnson,* the Supreme Court overruled *Sykes v. United States,* 131

---

[2]     This Court vacated Tipton's conviction for conspiracy under 21 U.S.C. § 846 on the ground that this was a lesser included offense of his conviction under 21 U.S.C. § 848. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).

[3]     Mr. Tipton's initial § 2255 motion was docketed under case number 98CV361.

S. Ct. 2267 (2011), and *James v. United States,* 550 U.S. 192 (2007), finding

ACCA's residual clause too vague to provide adequate notice under the Due

Process Clause of the Fifth Amendment.  Specifically, *Johnson* held that "the

indeterminacy of the wide-ranging inquiry required by the residual clause both

denies fair notice and invites arbitrary enforcement by judges," therefore

"[i]ncreasing a defendant's sentence under the clause denies due process of law."

*Johnson,* 135 S. Ct. at 2557.

### E.    *Welch v. United States.*

After *Johnson* was decided, federal prisoners throughout the country sought

to challenge their ACCA-enhanced sentences, as well as convictions and sentences

imposed under materially indistinguishable residual clauses, such as that in 18

U.S.C. § 924(c). This led to conflict over whether *Johnson* announced a new

substantive rule, which would apply retroactively to cases on collateral review, or

whether it only announced a new procedural rule, which would not necessarily

apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s

rule substantive and thus applicable retroactively to cases on collateral review.

*Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* Mr. Tipton's § 924(c)

conviction cannot be sustained, for the reasons stated in detail in his attached §

2255 motion. Mr. Tipton now requests authorization from this Court to file a

11

successive § 2255 motion.

## LEGAL STANDARDS

**This Court should grant Mr. Tipton's application for authorization to file a successive § 2255 motion in the district court because his motion is predicated on *Johnson,* and the Supreme Court expressly held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.**

> **A.    Mr. Tipton can make a sufficient showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the motion to be filed is based on (1) a previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662 (2001).

The Courts of Appeals have specified that "a *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Johnson v United States,* 720 F.3d 720 (8th Cir. 2013) (quoting *Bennett v. United States,* 119 F.3d 468, 469 (7th Cir. 1997)); *see also In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003).  Further, the "showing of

12

possible merit" relates only to the possibility that the requirements for filing a successive § 2255 motion will be met, not to the underlying merit of the claim that motion asserts. *See id.; see also Woods v. United States,* 805 F.3d 1152, 1154 (8th Cir. 2015) (authorizing filing of a successive § 2255 motion to assert a *Johnson* claim). While the determination of whether Mr. Tipton has made a *prima facie* showing that his claim satisfies § 2255(h)(2)'s requirements may entail a cursory glance at the merits, the focus of this Court's inquiry must remain on the gatekeeping standard itself. *See United States v. Williams,* 330 F.3d 277, 282 (4th Cir. 2003). Mr. Tipton easily satisfies that standard.

### 1. *Johnson* announced a new rule of constitutional law that was previously unavailable.

First, in *Welch v. United States,* announced on April 18, 2016, the Supreme Court proclaimed: "It is undisputed that *Johnson* announced a new rule." *Welch,* 136 S. Ct. at 1264. *Welch* also put to rest any dispute that *Johnson*'s rule is one of "constitutional law," or that this rule was previously unavailable to Mr. Tipton. *See id.*

A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States,* 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)). In *Johnson,* the Supreme Court expressly overruled its prior decisions in *Sykes* and *James,* which had held that ACCA's residual clause was not void for

13

vagueness. *See Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). As the Supreme Court has made clear, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S. 406, 416 (2007) (citation omitted).

### 2. *Johnson* is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review.

So, too, does *Welch* answer the final question this Court must consider before authorizing Mr. Tipton to file his successive § 2255 motion. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." 136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)). As such, the Court held, "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*; *accord Woods,* 805 F.3d at 1154.

### 3. *Johnson* invalidates § 924(c)'s residual clause, too.

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law

does not make criminal." *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004). Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence." After *Johnson,* certain predicate offenses cannot be categorized as "crimes of violence" consistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Tipton stands convicted of an act that the law does not make criminal, because *Johnson* establishes that the predicate crimes underlying his § 924(c) convictions cannot constitutionally be considered a crimes of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in *Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016), upon the government's concession, the Second Circuit recently granted a motion to authorize a successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction. The Seventh Circuit did the same in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

**B.    Mr. Tipton is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Tipton has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Tipton has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he

respectfully requests that his application be granted and that he be authorized

forthwith to file in the United States District Court for the Eastern District of

Virginia the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

/s/ Stephen Northup

| | |
|---|---|
| Stephen Northup | Gerald W. King, Jr.* |
| VSB #16547 | Ga. Bar No. 140981 |
| Troutman Sanders LLP | Jeffrey Lyn Ertel* |
| P.O. Box 1122 | Ga. Bar No. 249966 |
| Richmond, Virginia 23218-1122 | FEDERAL DEFENDER PROGRAM, INC. |
| (804) 697-1240 | 101 Marietta Street, Suite 1500 |
| (fax) (804) 698-5120 | Atlanta, Georgia 30303 |
| steve.northup@troutmansanders.com | 404-688-7530 |
| | (fax) 404-688-0768 |
| | Gerald_King@fd.org |
| | Jeff_Ertel@fd.org |
| Frederick R. Gerson | * Pro hac vice motion to be filed |
| VSB #39968 | |
| FG LAW PLLC | |
| 536 Granite Avenue | |
| Richmond, Virginia 23226 | |
| (804)482-1121 | |
| fred@fgattorney.com | |

Counsel for Richard Tipton, III.

16

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 20th day of May, 2016, a copy of the foregoing Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was served via the CM/ECF electronic filing system upon: Dana J. Boente, United States Attorney for the eastern District of Virginia, <u>dana.boehte@usdoj.gov</u>; and Brian Hood, Assistant United States Attorney for the Eastern District of Virginia, <u>brian.hood@usdoj.gov</u>.


 /s/ Stephen Northup
Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com